# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| DEANN L. EGGERS, | ) | Case No. 04-21899-TLM |
| | ) | |
| Debtor. | ) | MEMORANDUM OF DECISION |
| _____ | ) | |
| IN RE | ) | |
| | ) | |
| GARY V. FAIRFIELD, | ) | Case No. 05-20014-TLM |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| IN RE | ) | |
| | ) | |
| LISA M. COLE, | ) | Case No. 05-20015-TLM |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**BACKGROUND AND FACTS**

In each of these chapter 7 cases, the debtors were and are represented by attorney Robert Van Idor ("Counsel"). There are other similarities as well. They are outlined below. This information comes from the Court's record.

MEMORANDUM OF DECISION - 1

**Case No. 04-21899-TLM**

In Ms. Eggers' case, the petition was filed on December 29, 2004, along with the filing fee. None of the other required documents were filed with the petition. They were all due January 13, 2005. Fed. R. Bankr. P. 1007(c). They were not timely filed, and no timely request for extension was made. *Id.*; *see also* LBR 1007.2. On February 16, the schedules were filed, but a host of other required documents were not. Two weeks later, the Office of the United States Trustee ("UST") moved to dismiss the case.[1] The statement of financial affairs was filed that same day, but there were still missing, unfiled documents. They included Counsel's Rule 2016(b) fee disclosure.

Ms. Eggers' first meeting had to be continued. The UST filed a motion to review Counsel's compensation under § 329(b) and Fed. R. Bankr. P. 2017(a). Only thereafter was the Rule 2016(b) disclosure filed. Counsel stated therein that he had been paid $500.00 to represent the debtor in her bankruptcy case.

**Case No. 05-20014-TLM**

In Mr. Fairfield's case, the chapter 7 petition was filed January 2, 2005, with certain of the schedules. However, schedule C was missing, as was the summary of schedules, debtor's signature and verification of the schedules, the statement of social security number, the statement of intention under § 521, the

---

[1] No action was taken on this motion.

MEMORANDUM OF DECISION - 2

statement of financial affairs, and Counsel's Rule 2016(b) disclosure.  The filing fee, though due at the time of the petition's filing, was paid several days later.[2]  The incomplete filings were due January 18.  None were timely filed and, again, no extension was requested.  At the time the UST moved to dismiss the case on March 4, the statement of financial affairs and the missing schedule C were filed.[3]  The other defects were not cured.

Mr. Fairfield's § 341(a) meeting also had to be continued.  After the UST filed its motion to review Counsel's conduct and compensation, Counsel filed on March 21 a Rule 2016(b) disclosure indicating he had been paid $500.00.

**Case No. 05-20015-TLM**

In Ms. Cole's case, the petition was filed on January 2, 2005.  The filing fee was paid several days later.  No documents accompanied the petition, and all were due by January 18.  When they weren't filed, the UST moved to dismiss the case on February 9 and the order of dismissal was entered the following day.

---

[2] Electronic case filing ("ECF") was instituted in this District effective January 1, 2005.  Prior to ECF, case filing fees (as well as filing fees for adversary proceedings and certain motions or other pleadings) were due at the time the pleading or document was tendered for filing.  The ECF system allows an attorney who is a "registered participant" to pay by credit card and to chose to "pay later" rather than at the time the petition is filed.  The intent is to allow fees to be accumulated and paid in a group at the end of the day rather than as each case or motion is filed during that day.  Several ECF participants, perhaps through forgetfulness rather than intent, failed to remit their payments at the end of the day, and some even for several days.  The Clerk monitors this matter and "freezes" participants' access to the ECF system if they do not promptly pay the filing fees.

[3] By clerk docket entry, the UST's motion was deemed withdrawn due to the filings made on March 4.

MEMORANDUM OF DECISION - 3

On January 14, Counsel moved to reinstate the case.[4]  Following a hearing on March 8, the motion was granted.  However Counsel was warned to complete all the required filings and cure outstanding defects within 7 days of that hearing and ruling.  Schedules, a statement of financial affairs, and Counsel's Rule 2016(b) disclosure were filed on March 14.

The UST's motion under § 329(b) was filed the next day.  It, and the § 329 motions in Ms. Eggars' and Mr. Fairfield's cases, were heard collectively on April 4.  Immediately prior to the hearing, Counsel filed affidavits in each case addressing his conduct.  They were reviewed after hearing.

**DISCUSSION AND DISPOSITION**

Counsel admits he has had serious difficulty complying with the filing requirements imposed by the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules.  In none of the three cases were all the necessary schedules, statements and forms filed within the required 15 days, and in none was a timely and proper request for extension of time made.  *See* Fed. R. Bankr. P. 1007; LBR 1007.2.

---

[4] Counsel's motion to reinstate alluded to a "problem" with his ECF account.  The Court concludes it likely that Counsel's access was "frozen" based on outstanding unpaid filing fees, as discussed *supra* note 2.  However, other problems with Counsel's ECF operations may have also been involved.  Such problems and Counsel's inability to comply with the Court's ECF procedures and orders led the Court to bar him from use of the ECF system until remedial training could occur and Counsel proved himself capable of meeting the ECF requirements.  The bar was imposed after the problems in the three cases outlined herein, and before the hearing on the UST's motions took place.

MEMORANDUM OF DECISION - 4

This is not just a question of harmless neglect of technical rules. The filings made by debtors initiating a bankruptcy case are tremendously significant. The Court, the trustee, and creditors rely on them. The consequences to debtors of incomplete or erroneous submissions are serious. And, as the chapter 7 trustee in these three cases noted at hearing, the inability to timely comply with the requirements generates delay, cost and expense to all involved. In two of the three cases, it necessitated a second § 341(a) meeting. That meant that Ms. Eggers and Mr. Fairfield had to make a second trip from Lewiston to Moscow.

In none of these cases was Counsel's Rule 2016(b) statement timely filed. It ordinarily should be filed with the petition. Counsel certainly reached an understanding with his clients as to his fees *before* the petitions in these cases were filed. Each of the untimely disclosures indicated the $500.00 fee was paid pre-bankruptcy and no further fees were owed. *See also* Idaho Rule of Professional Conduct 1.5 (addressing obligations of attorneys to clients regarding fees to be charged).

The Rule 2016(b) disclosure requires the attorney to identify the compensation paid prior to filing, the agreement with the debtor for compensation to be paid for the case, the source of payments, whether the fees are to be shared, and the services to be rendered. All of these items are of a sort established and known to the attorney as of the date of filing; none require additional post-petition

MEMORANDUM OF DECISION - 5

information before the disclosures can be made. Only the attorney signs the disclosure; there is no need to await a debtor's signature and return.[5] In short, there is rarely a good reason for the Rule 2016(b) disclosure not to be filed with the petition, and virtually no reason why it cannot be filed within the 15 days following.

Counsel provides no credible reason or excuse in these cases for his failures regarding the Rule 2016(b) disclosure or otherwise. That his schedule was "crowded and hectic" is, he admits, not an excuse. Nor is it an explanation. The delays and inattention lasted months. Deadlines were ignored, and no extensions timely sought. Counsel admits he did not "properly calendar" filing deadlines. He is responsible for the management and operation of his office. His clients repose trust and confidence in him to do his job.

The failure to meet the disclosure requirement under Rule 2016(b) is alone sufficient to support a reduction of fees. *In re Larson*, 04.1 I.B.C.R. 15, 16-17 (Bankr. D. Idaho 2004). The requirements of the rule are mandatory, not optional or merely suggestions, and those requirements are or should be well known to any attorney holding himself or herself out as competent to practice bankruptcy law. *Id.* Violations of the rules regarding disclosure should not be lightly excused. *In*

---

[5] The affidavits of Counsel filed in the three cases at issue reflect he had "office conferences" with each debtor prior to filing. Thus, the information in the form could have been then conveyed to and discussed with the debtors, enabling Counsel to file the actual disclosure with the petition.

MEMORANDUM OF DECISION - 6

*re Combe Farms, Inc.*, 01.1 I.B.C.R. 7, 9 (Bankr. D. Idaho 2001).  A reduction in Counsel's compensation is therefore appropriate.  *Id.*

The Court has reviewed the course of events in these three cases, as outlined above.  It has also reviewed Counsel's affidavit in each case which, among other things, summarizes the time he spent on the matter.  Unfortunately, the affidavits provide only partial support for the fees claimed.  The descriptions of services are terse and unhelpful.  The amount of time Counsel says he spent "preparing" or "drafting" schedules and other documents leads the Court to conclude (especially after looking at the subject documents) that Counsel is charging not just for legal services but for the clerical function of personally typing the documents.  The charges in these regards are not adequately justified.  *Accord*, *In re Castorena*, 270 B.R. 504, 516-17, 01.4 I.B.C.R. 153 (Bankr. D. Idaho 2001). Counsel also lists time spent in Ms. Cole's case to travel from Lewiston to Moscow "to file documents."  This, too, is not an appropriate charge.

**CONCLUSION**

In considering Counsel's admitted failure to meet the deadlines for filing documents or requesting extensions; and considering the charges shown in the affidavits that are not for compensable legal services; and considering the impact on the debtors from Counsel's conduct, including but not limited to the need for two of his debtors to attend continued § 341(a) meetings, reductions in Counsel's

MEMORANDUM OF DECISION - 7

compensation are warranted.  The Court concludes that, in each of these three cases, Counsel shall refund to the debtor $200.00 of the $500.00 fee previously paid.  Such amounts shall be paid within ten (10) days of the date of this Decision and related Order.  Proof of compliance shall be made to the chapter 7 trustee and the UST.

DATED:  April 7, 2005



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

CERTIFICATE RE: SERVICE

A "notice of entry" of this Decision, Order and/or Judgment has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Decision, Order and/or Judgment has also been provided to non-registered participants by first class mail addressed to:

Deann L. Eggers
860 Eagle Pt. Blvd.
Lewiston, ID 83501

Gary V. Fairfield
611 Burrell Avenue
Lewiston, ID 83501

Lisa M. Cole
20836 Rye Grass Ln.
Lenore, ID 83541

Robert J. Van Idour
Attorney at Law
504 Main Street, #480
Lewiston, ID 83501

Case No. 04-21899-TLM (Deann L. Eggers)
Case No. 05-20014-TLM (Gary V. Fairfield)
Case No. 05-20015-TLM (Lisa M. Cole)

Dated: April 7, 2005

 /s/Jo Ann B. Canderan
Judicial Assistant to Chief Judge Myers

MEMORANDUM OF DECISION - 9